# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DAVID STARR, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Civil Action No. 19-02173-LKG |
| v. | ) | |
| | ) | Dated:  September 23, 2022 |
| VSL PHARMACEUTICALS, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER
## ON DEFENDANTS' OBJECTIONS TO DISCOVERY ORDER

## I.     INTRODUCTION

Defendants, VSL Pharmaceuticals, Inc. ("VSL"), Leadiant Biociences, Inc. ("Leadiant"), and Alfasigma USA, Inc. ("Alfasigma"), have filed objections to Magistrate Judge Simms' June 6, 2022, decision (the "June 6, 2022, Decision") granting non-party Claudio De Simone's motion to modify a subpoena served by VSL on Danisco USA, Inc. ("Danisco").  *See* Def. Obj., ECF No. 193; *see also* June 6, 2022, Order, ECF No. 189.  Specifically, defendants request that the Court deny the motion to modify, or, in the alternative, re-submit the matter to Magistrate Judge Simms for reconsideration.  *See* Def. Obj. at 2.  This matter is fully briefed.  Resp., ECF No. 202; Def. Reply, ECF No. 203.  No hearing is necessary to resolve this discovery dispute.  *See* L.R. 105.6 (D. Md. 2021).  For the reasons that follow, the Court **SUSTAINS** the Magistrate Judge's June 6, 2022, Decision.

## II.     FACTUAL BACKGROUND

### A.     Overview Of Discovery Dispute

This discovery dispute involves a request by a non-party, Claudio De Simone, to modify a subpoena issued by VSL seeking certain documents from Danisco—another non-party to this action (the "VSL Subpoena").  As background, this case is a putative class action in which plaintiffs allege that defendants engaged in a scheme to deceive consumers by, among other

things, misrepresenting the chemical formulation of a probiotic product known as VSL#3 through "false and misleading advertising and marketing," in violation of, among other things, the Racketeer Influenced and Corrupt Organizations Act ("RICO").  *See* 2d. Am. Compl. at ¶ 1, ECF No. 93.  Specifically, plaintiffs allege that defendants engaged in a "false advertising campaign," in which defendants continued to communicate to consumers from 2016 onward that the VSL#3 product was the same product that had been sold and marketed to consumers prior to 2016, despite VSL#3's change in formulation.  *Id.* at ¶¶ 79-120.

Relevant to this dispute, defendants have asserted numerous affirmative defenses in this action, including:  good faith; contributory negligence; assumption of the risk; waiver; estoppel; failure to state a claim; failure to satisfy the particularity requirements of Fed. R. Civ. P. 9(b); lack of standing; failure to establish privity of contract; laches; and failure to establish that defendants made material misrepresentations and/or omissions with regard to VSL#3.  *See* ECF Nos. 99, 100, 101.

The parties have been engaged in discovery since March 24, 2021.  *See* ECF No. 69.  On November 30, 2021, VSL served the VSL Subpoena on Danisco.  *See generally* Mot. to Modify Ex. E, ECF No. 148-5.  The VSL Subpoena seeks the following documents and information that are relevant to this discovery dispute:

1. All documents produced by Danisco in the De Simone Litigation.

2. All documents reflecting any change in the bacteria used in the manufacture of VSL#3.

3. All documents reflecting any change in the bacteria used in the manufacture of Visbiome.

4. All documents reflecting any change in the cryoprotectants used in VSL#3 from July 1, 2000 through the final date of its production by Danisco.

5. All documents reflecting any change in the excipients used in the manufacture of VSL#3 from July 1, 2000 through the final date of its production by Danisco.

6. All documents reflecting the cryoprotectants used in the manufacture of Visbiome from the date of its initial production by Danisco to present.

7. All documents reflecting the excipients used in the manufacture of Visbiome from the date of its initial production by Danisco to present.

8. All documents reflecting any change in the cryoprotectants used in the manufacture of Visbiome from the date of Visbiome's initial production by Danisco to present.

9. All documents reflecting any change in the excipients used in the manufacture of Visbiome from the date of Visbiome's initial production by Danisco to present.

10. All documents reflecting the relative ratio of bacteria used in the production of Visbiome from the date of Visbiome's initial production by Danisco to present.

11. All documents reflecting the half-life of each of the bacterial ingredients present in Visbiome from the date of Visbiome's initial production by Danisco to present.

12. All documents reflecting any efforts to remove lactose from Visbiome from the date of Visbiome's initial production by Danisco to present.

13. All documents reflecting the pre-manufacturing ratio of bacterial strains in Visbiome from the date of Visbiome's initial production by Danisco to present.

14. All documents reflecting the post-manufacturing ratio of bacterial strains in Visbiome from the date of Visbiome's initial production by Danisco to present.

15. All documents reflecting any change in the manufacturing process for Visbome from the date of Visbiome's initial production by Danisco to present.

16. All documents reflecting the half-life of the bacterial strains present in Visbiome from the date of Visbiome's initial production by Danisco to present.

19. All documents that present, discuss, or analyze in any way the prices at which Visbiome is sold.

*See id.* at 16-17.

The Court referred this matter to Magistrate Judge Simms for all discovery and related scheduling matters on January 26, 2022. *See* ECF No. 147.

On January 31, 2022, Claudio De Simone filed a motion to modify the VSL Subpoena, upon the ground that Requests #1-16 and #19 of the VSL Subpoena (the "Challenged Requests") improperly seek his confidential trade secret information related to the chemical formulation of VSL#3. *See generally* Mot. to Modify. Defendants countered that modification of the VSL Subpoena is improper, because: (1) defendants have a substantial need for the documents sought in the Challenged Requests; (2) the Challenged Requests do not implicate protected trade secret

information; (3) a protective order adequately safeguards Claudio De Simone's trade secret concerns; and (4) Claudio De Simone improperly raises collateral estoppel as a ground for modification of the VSL Subpoena. *See* Def. Resp., ECF No. 154.

### B.    The Magistrate Judge's Decision

On June 3, 2022, Magistrate Judge Simms issued an oral ruling:  (1) granting Claudio De Simone's motion to modify the VSL Subpoena; (2) striking the Challenged Requests; and (3) directing defendants and Danisco to meet and confer regarding Request #19 of the VSL Subpoena. *See* Tr., ECF No. 190 (transcript of oral ruling).  On June 6, 2022, Magistrate Judge Simms issued a written Order consistent with her oral ruling (the "June 6, 2022, Decision"). *See* June 6, 2022, Order.

Magistrate Judge Simms made several findings in her decision that are pertinent to the pending objections.  First, Magistrate Judge Simms found that plaintiffs' claims in this action concern whether the VSL#3 formulation that they purchased during the period 2016 to the present has the same chemical makeup as a version of VSL#3 that was sold and marketed by defendants prior to 2016.  *See* Tr. at 22-24.  Second, Magistrate Judge Simms found that the second amended complaint does not contain any allegations that "differences between . . . value or safety [or] efficacy mattered necessarily to consumers." *Id.* at 24.

In addition, Magistrate Judge Simms observed that defendants had not informed the Court about which of their affirmative defenses in this action were relevant to the Challenged Requests. *Id.* at 24-25.  And so, based upon these findings, Magistrate Judge Simms concluded that the Challenged Requests were not relevant to the claims and affirmative defenses in this case. *See id.* at 28.

Lastly, Magistrate Judge Simms found that the information sought in the Challenged Requests related to VSL#3's chemical formula is not known to the general public, and that this information is also subject to a protective order in another case. *Id.* at 21-22.  Given this, Magistrate Judge Simms held that the Challenged Requests improperly seek Claudio De Simone's confidential trade secret information. *Id.* at 22.

C.      **Defendants' Objections**

On June 21, 2022, defendants filed six objections to the June 6, 2022, Decision.  *See generally* Def. Obj.  In their objections, defendants argue that the June 6, 2022, Decision constitutes clear error and is contrary to law, because the Challenged Requests seek information relevant to the claims and affirmative defenses in this case.  *See id.* at 7-8.

Specifically, defendants argue that the Challenged Requests are relevant to the claims and affirmative defenses in this case, because:  (1) the second amended complaint contains claims related to the comparative value, safety, and efficacy of the probiotic products at issue in this case; (2) changes in the contents and manufacturing process of VSL#3 prior to 2016 bear on plaintiffs' allegations regarding the products' comparative value; (3) the Magistrate Judge's suggestion that defendants should rely on clinical studies to obtain the information that they seek from Danisco improperly constrains defendants' litigation strategy and ability to defend against plaintiffs' claims; and (4) the Magistrate Judge's decision improperly foreclosed defendants' ability to gather evidence to defend against plaintiffs' claims.  *See id.* at 8-12.  Defendants also argue that the Challenged Requests do not implicate protected trade secret information, because: (1) no prior ruling has found that the information at issue contains enforceable trade secrets and (2) Claudio De Simone has not shown that information sought in the Challenged Requests contains enforceable trade secrets.  *See id.* at 14-18.

Defendants request that the Court set aside the June 6, 2022, Decision and either deny Claudio De Simone's motion to modify the VSL Subpoena, or re-submit this discovery dispute to Magistrate Judge Simms for reconsideration.  *See id.* at 18.

III.    **STANDARDS OF DECISION**

A.      **Fed. R. Civ. P. 72(a)**

Pursuant to Fed. R. Civ. P. 72(a), a party may file objections to a Magistrate Judge's order and upon receiving such objections, the Court must "modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a).  A "finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *Butts v. United States*, 930 F.3d 234, 238 (4th Cir. 2019) (citation omitted); *see also Brennan v. Deluxe*

*Corp.*, No. 18-2119, 2021 WL 129965, at *3 (D. Md. Jan. 13, 2021) (citation omitted) ("The clearly erroneous standard does not permit the reviewing court to . . . 'substitute its own conclusions for that of the magistrate judge.'").  "An order is contrary to law if it 'fails to apply or misapplies relevant statutes, case law, or rules of procedure.'"  *Snyder v. Moag & Co., LLC*, No. 20-2705, 2021 WL 424412, at *5 (D. Md. Feb. 8, 2021) (citation omitted).  In addition, "[a] magistrate judge's resolution of a discovery dispute is ordinarily accorded substantial deference." *Brennan*, 2021 WL 129965, at *4.  And so, a party challenging a Magistrate Judge's discovery order "carries a heavy burden" in showing that such an order should be disturbed.  *Id.*

### B.    Fed. R. Civ. P. 26(b)(1)

Fed. R. Civ. P. 26(b)(1) governs the scope of discovery and provides, in relevant part, that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).

### C.    Fed. R. Civ. P. 45(d)

Lastly, Fed. R. Civ. P. 45(d) provides, in relevant part, that the Court may quash or modify a subpoena "if it requires:  (i) disclosing a trade secret or other confidential research, development, or other commercial information . . . ."  Fed. R. Civ. P. 45(d)(3)(B)(i).  If a subpoena requires the disclosure of such information, the Court may also, instead of quashing or modifying the subpoena, "order appearance or production under specified conditions if the serving party:  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and (ii) ensures that the subpoenaed person will be reasonably compensated."  Fed. R. Civ. P. 45(d)(3)(C).

## IV.    ANALYSIS

Defendants request that the Court set aside Magistrate Judge Simms' June 6, 2022, Decision as clearly erroneous and contrary to law, upon the grounds that the Challenged

Requests are relevant to the claims and affirmative defenses in this case, because: (1) the second amended complaint contains claims related to the comparative value, safety, and efficacy of the probiotic products at issue in this case; (2) changes in the contents and manufacturing process of VSL#3 prior to 2016 bear on plaintiff's allegations regarding the products' comparative value; (3) the Magistrate Judge's suggestion that defendants should rely on clinical studies to obtain the information that they seek from Danisco improperly constrains defendants' litigation strategy and ability to defend against plaintiffs' claims; and (4) the Magistrate Judge's decision improperly foreclosed defendants' ability to gather evidence to defend against plaintiffs' claims. Def. Obj. at 8-12. Defendants also argue that the Challenged Requests do not implicate protected trade secret information, because: (1) no prior ruling has found that the information at issue contains enforceable trade secrets and (2) Claudio De Simone has not shown that information sought in the Challenged Requests contains enforceable trade secrets. *See id.* at 14-18.

Claudio De Simone counters that the Court should sustain the June 6, 2022, Decision, because Magistrate Judge Simms correctly held that the claims and affirmative defenses in this case are not relevant to the Challenged Requests, and that the Challenged Requests seek confidential, proprietary, and/or trade secret information. Resp. at 14-35.

For the reasons set forth below, defendants have not shown that the June 6, 2022, Decision is either clearly erroneous, an abuse of discretion, or contrary to law. And so, the Court SUSTAINS the June 6, 2022, Decision. *See* Fed. R. Civ. P. 72(a).

As an initial matter, a careful reading of the second amended complaint, and the answers thereto, make clear that Challenged Requests do not seek information or documents that are relevant to the claims and affirmative defenses in this civil action. Fed. R. Civ. P. 26(b)(1) governs the scope of discovery and provides, in relevant part, that:

> Parties may obtain discovery regarding any nonprivileged matter that is *relevant* to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1) (emphasis supplied).

Here, defendants argue that the Challenged Requests seek information relevant to allegations in the second amended complaint regarding VSL#3's safety, value, and efficacy. Def. Obj. at 8-9. But, as Magistrate Judge Simms correctly determined, and as the second amended complaint makes clear, plaintiffs' claims are based upon allegations that consumers were misled into believing that the version of VSL#3 sold after 2016 was identical to a formulation of VSL#3 sold prior to 2016. *See* 2d Am. Compl. at ¶¶ 160-299; *see also* Tr. at 24. Given this, there are no claims about VSL#3's safety, value, or efficacy in this case. *See generally* 2d Am. Compl. And so, Magistrate Judge Simms appropriately concluded that the information sought in the Challenged Requests—including information regarding changes in the contents and manufacturing process related to VSL#3's chemical formulation—is not relevant to the claims in this case. *See* Tr. at 24.

The Challenged Requests are also not relevant to defendants' affirmative defenses. As Magistrate Judge Simms correctly observed, defendants did not identify which of their affirmative defenses, if any, are relevant to the information sought in the Challenged Requests during the proceedings before the Magistrate Judge. *Id.* at 25; *see also* Def. Resp. (failing to identify affirmative defenses relevant to the Challenged Requests). Defendants now argue for the first time in their objections that the documents sought in the Challenged Requests are relevant to their good faith defense. *See* Def. Obj. 12-13. But, defendants do not explain how or why information regarding the changes in the contents and manufacturing process related to VSL#3's chemical formulation would support a defense that they acted in good faith in making representations about the post-2016 version of VSL#3. *See generally id.* Given this, Magistrate Judge Simms appropriately concluded that the Challenged Requests are not relevant to the affirmative defenses in this case.

Because Magistrate Judge Simms' conclusion that the Challenged Requests seek information that is not relevant to the claims and affirmative defenses in this case is not clearly erroneous, an abuse of discretion, or contrary to law, the Court SUSTAINS the June 6, 2022, Decision.[1] *See* Fed. R. Civ. P. 72(a).

---

[1] Defendants' argument that the June 6, 2022, Decision improperly restricts their litigation strategy and forecloses their ability to gather evidence is also unavailing. The June 6, 2022, Decision does not direct defendants to conduct discovery in this case in any particular manner, nor does that decision address discovery issues beyond the Challenged Requests. *See generally* Tr.

Lastly, because the Court concludes that Magistrate Judge Simms properly held that the Challenged Requests are not relevant to the claims or affirmative defenses in this case, the Court does not reach the issue of whether the Challenged Requests impermissibly seek confidential trade secret information.

## V.    CONCLUSION

In sum, Magistrate Judge Simms' June 6, 2022, Decision that the Challenged Requests are not relevant to the claims and affirmative defenses in this action is neither clearly erroneous, an abuse of discretion, nor contrary to law.  And so, the Court **SUSTAINS** the June 6, 2022, Decision pursuant to Fed. R. Civ. P. 72(a).

**IT IS SO ORDERED.**


s/ Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge

9