IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| DAVID STARR *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| VSL PHARMACEUTICALS, INC. *et al.*, | ) |
| | ) |
| Defendants. | ) |

Civil Action No. 19-cv-02173-LKG

Dated: July 8, 2026

**MEMORANDUM OPINION AND ORDER ON THE PLAINTIFFS'**
**MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

## I.    INTRODUCTION

The Plaintiffs in this class action litigation have filed an unopposed motion for preliminary approval of class action settlement, to resolve their claims against the Defendants, VSL Pharmaceuticals, Inc. ("VSL"), Leadiant Biosciences, Inc., f/k/a Sigma-Tau Pharmaceuticals, Inc. ("Leadiant"), and Alfasigma USA, Inc. ("Alfasigma"). *See* ECF No. 376. The Court held a hearing on this motion on July 7, 2026. ECF No. 378. For the reasons that follow, and those stated during the July 7, 2026, hearing, the Court: (1) **GRANTS** the Plaintiffs' motion for preliminary approval of class action settlement (ECF No. 376); (2) **CONDITIONALLY CERTIFIES** the Settlement Class; (3) **APPROVES** Plaintiffs David Starr, Bernadette Mavrikos, Edmund Quiambao, James Tettenhorst, Jeremy Hansen, Krista Karo, Arlene Reed-Cossairt, Peter Stavros and Heather Farkas to represent the Settlement Class; (4) **APPOINTS** Jeremy W. Schulman, Esq., and Jeffrey S. Gavenman, Esq., of Hughes Hubbard & Reed LLP, and Edward F. Haber, Esq., Michelle H. Blauner, Esq., Ian J. McLoughlin, Esq., and Patrick J. Vallely, Esq., of Shapiro Haber & Urmy LLP as the Settlement Class Counsel; (5) **APPOINTS** Angeion Group LLC as the Settlement Administrator; and (6) **PRELIMINARILY APPROVES** the Settlement Agreement.

## II.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]

### A.  Factual Background

<u>Case Background</u>

This class action matter concerns the marketing and sale of VSL#3, a high-potency probiotic medical food used in the dietary management of gastrointestinal conditions, such as ulcerative colitis, irritable bowel syndrome and pouchitis.  ECF No. 93 at ¶¶ 1, 42–45.  The Plaintiffs allege that, from in or about 2002, until mid-2016, VSL#3 contained a proprietary blend of bacterial strains developed by Professor Claudio De Simone (the "De Simone Formulation").  *Id.* at ¶¶ 2, 47–54.

The Plaintiffs also allege that the Defendants lost the right to sell the De Simone Formulation and began selling a different and inferior formulation (the "Fraudulent Formulation") under the "VSL#3," while continuing to invoke the clinical history and scientific support associated with the original De Simone Formulation and omitting to disclose that the formulation had changed.  *Id.* at ¶¶ 4–8, 65–67.  And so, the Plaintiffs assert claims against the Defendants for: (1) violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c) and (d); (2) breach of express warranty in violation of the Uniform Commercial Code ("UCC"); (3) unjust enrichment; and (4) violations of the consumer protection statutes of several states.  *Id.* at ¶¶ 185–299; ECF No. 376-1 at 3.

<u>The Settlement Agreement</u>

The parties have entered into a settlement agreement and release (the "Settlement Agreement") to resolve the Plaintiffs' claims.  ECF No. 376-3 at 5–36 (Exhibit A).  The key provisions of the Settlement Agreement are summarized below.

First, the parties propose defining and certifying a "Settlement Class" in this case as follows:

> [A]ll persons who purchased a VSL#3 Class Product in the United States beginning June 1, 2016, and ending June 19, 2019. The following individuals are excluded from the Settlement Class: officers and directors of Defendants Alfasigma, Leadiant, and VSL, and their parents, subsidiaries, affiliates, and any entity in which

---

[1] The facts recited herein are taken from the second amended complaint, the Plaintiffs' consent motion for preliminary approval of the settlement, and the memorandum of law and exhibits in support thereof.  ECF Nos. 93, 376, 376-1, 376-2, 376-3 and 376-4.  Unless otherwise stated, the facts recited herein are undisputed.

they have a controlling interest. Also excluded from the Class are any persons or entities that purchased VSL#3 Class Products exclusively for the purpose of reselling the VSL#3 Class Product to a consumer. Finally, also excluded from the Class are all judges assigned to hear any aspect of the Litigation, as well as their staff and immediate family; and Settlement Class Counsel, their staff members, and their immediate family.

*Id.* at 11. The proposed Settlement Class is substantially similar to the "Nationwide Class" that the Court previously certified in this case, except that the proposed Settlement Class does not include the officers and directors of the Defendants and their affiliates, persons or entities that purchased VSL#3 exclusively for resale, Court personnel, and Settlement Class Counsel and their respective staff and families. *Id.* at 12 (Settlement Agreement, § 1.49); *see* ECF No. 376-1 at 7.

Second, Sections 1.56 and 3.2 of the Settlement Agreement address the settlement consideration and provide, among other things, that the Defendants will pay $20 million for the benefit of the Settlement Class. ECF No. 376-1 at 7–8; ECF No. 376-3 at 12 (Settlement Agreement, § 1.56) and 15 (Settlement Agreement, § 3.2). Pursuant to the Settlement Agreement, these Settlement Funds will be used to create a common fund to pay: (1) valid claims made by the Settlement Class Members; (2) the attorneys' fees and expenses of Settlement Class Counsel; (3) the costs of providing notice and administering the Settlement; and (4) any service awards to the Plaintiffs as approved by the Court. ECF No. 376-1 at 7–8.

Third, Sections 2.4, 3.2 and 3.3 of the Settlement Agreement address the calculation and disbursement of the Settlement Funds and provide that the "Net Settlement Fund," which is the amount remaining of the Settlement Funds after the award of Class Counsel's fees and expenses, administrative costs and service awards, will be distributed to members of the Settlement Class according to a plan of distribution. *Id.*; ECF No. 376-3 at 14–15 (Settlement Agreement, § 2.4), 16—20 (Settlement Agreement, § 3.2), 20–21 (Settlement Agreement, § 3.3). In this regard, the Settlement Agreement provides that a Settlement Class Member must submit a Claim Form, which will either be mailed to the Settlement Class Member, or made available on the Settlement Website, to the Settlement Administrator to recover payment. ECF No. 376-3 at 17–18 (Settlement Agreement, § 3.2(e)(ii)). The Settlement Agreement also provides that, upon submission of a valid Claim Form, the Settlement Class Members may receive $20 per unit of VSL#3 that they purchased, subject to pro rata adjustments based on the volume of the claims

received.  ECF No. 376-3 at 14–15 (Settlement Agreement, § 2.4), 16—20 (Settlement Agreement, § 3.2) and 20–21 (Settlement Agreement, § 3.3).

Pursuant to the terms of the Settlement Agreement, the Settlement Administrator will review all Claims to determine their validity and decide whether to grant, or deny the Claim.  *Id*. at 18 (Settlement Agreement, § 3.2(e)(iii)).  If the total value of the approved Claims exceeds the funds available, the payments will be reduced on a pro rata basis.  *Id*. at 19 (Settlement Agreement, § 3.2 (e)(ix)).  Similarly, if the total value of the approved Claims is less than the funds available, the payments will be increased on a pro rata basis.  *Id*. (Settlement Agreement, § 3.2 (e)(ix)).  The Settlement Agreement also provides that the Settlement Administrator will pay all Claims within 30 days of notifying Settlement Class Counsel and the Defendants of the amount of the Net Settlement Fund and Claims Payment payable, absent any objections.  *Id*. (Settlement Agreement, § 3.2 (e)(x)).

Fourth, Section 3.4 of the Settlement Agreement contains a release provision, which provides that, in exchange for payment of the Settlement Amount and upon entry of a final judgment approving the Settlement Agreement, the Plaintiffs and those Settlement Class Members who do not opt out will release the Defendants from any and all claims arising out of or relating to the misrepresentations that the Plaintiffs allege in this action.  *Id.* at 21–23; ECF No. 376-1 at 8.

Fifth, the Settlement Agreement addresses the parties' plan to provide notice to the members of the proposed Settlement Class.  ECF No. 376-3 at 73–79 (Exhibits 5–6), 7 (Settlement Agreement, § 1.17), 9 (Settlement Agreement, § 1.27–1.28) and 23 (Settlement Agreement, § 4.2); ECF No. 376-1 at 9.  In this regard, the Plaintiffs have obtained records from the Defendants and certain third parties regarding the purchases of VSL#3 by more than 200,000 Settlement Class Members, which the Settlement Administrator will use to provide personalized, individual notice to these Settlement Class Members *via* email and mail.  ECF No. 376-3 at 73–79 (Exhibits 5–6), 7 (Settlement Agreement, § 1.17), 9 (Settlement Agreement, § 1.27–1.28) and 23 (Settlement Agreement, § 4.2); ECF No. 376-1 at 9.  In addition to this individual notice, the Settlement Administrator has designed a media campaign that is intended to reach at least 70% of likely Settlement Class Members, through online advertising, including programmatic display advertising, social media advertising, and search engine advertising.  ECF No. 376-1 at 9; ECF No. 376-3 at 9 (Settlement Agreement, § 1.29).

The Settlement Administrator will also establish a Settlement Website that will provide additional information about the Settlement, including a long-form notice, relevant pleadings, and contact information for Settlement Class Counsel.  ECF No. 376-3 at 64–73 (Exhibit 4 of the Settlement Agreement); ECF No. 376-1 at 9.  Lastly, the Defendants will comply, through the Settlement Administrator, with the obligation to provide notice of the Settlement to federal and state governmental entities as required by the Class Action Fairness Act, 28 U.S.C. § 1715.  ECF No. 376-1 at 9.

Sixth, the Settlement Agreement also provides for potential Settlement Class Members to opt-out and/or object to the Settlement.  In this regard, the Settlement Agreement provides that any Settlement Class Members that wish to opt out of the Settlement Class may do so by submitting a written request to the Settlement Administrator by the date set forth in the Court's Preliminary Approval Order.  ECF No. 376-1 at 8; ECF No. 376-3 at 25–26 (Settlement Agreement § 4.4).  The Settlement Agreement also provides that any Settlement Class Members who wishes to object to any aspect of the Settlement may do so by filing a written objection with the same deadline.  ECF No. 376-1 at 10; ECF No. 376-3 at 26 (Settlement Agreement, § 4.6).

Lastly, the Settlement Agreement addresses the award of attorneys' fees, costs, and service awards, and provides that Settlement Class Counsel may apply for an award of attorneys' fees and reimbursement of litigation expenses, and for service awards to the Plaintiffs, all to be paid out of the Settlement Fund and subject to the Court's approval.  ECF No. 376-1 at 2 and 5.

<u>The Proposed Settlement Class Counsel</u>

The Plaintiffs also seek the appointment of the following attorneys to serve as Class Counsel in this matter: Jeremy W. Schulman, Esq., and Jeffrey S. Gavenman, Esq., of Hughes Hubbard & Reed LLP; and Edward F. Haber, Esq., Ian J. McLoughlin, Esq., Michelle H. Blauner, Esq., and Patrick J. Vallely, Esq., of Shapiro Haber & Urmy LLP (the "Settlement Class Counsel").  ECF No. 376-1 at 13 and 21.  The Plaintiffs represent that Schulman and Gavenman are highly regarded, experienced litigators nationwide and in this District, and that they have successfully represented the Plaintiffs in a related civil action. *Id.* at 13.  The Plaintiffs also represent that the lawyers at Shapiro Haber & Urmy LLP, including Mr. Haber, Mr. McLoughlin, Ms. Blauner and Mr. Vallely, are highly experienced and nationally recognized class action practitioners, particularly in consumer class actions. *Id.*  And so, the Plaintiffs represent that the Settlement Class Counsel, and their respective law firms have the knowledge

and experience necessary to competently represent the interests of the Settlement Class Members. *Id.*

The Proposed Settlement Administrator

The Plaintiffs also seek the appointment of Angeion Group LLC ("Angeion") as the Settlement Administrator. ECF No. 376-1 at 21. In this regard, the Plaintiffs represent that Angeion is a nationally recognized notice and claims administration firm that has successfully and efficiently administered numerous class action settlements. *Id.*; ECF No. 376-2 (Declaration of Steven Weisbrot and Firm Resume of Angeion). The Plaintiffs also represent that courts have routinely approved notice programs designed and implemented by Angeion that are similar to the Notice program proposed in this case. ECF No. 376-1 at 19–20; *see, e.g.*, *Dickey v. Advanced Micro Devices, Inc.*, No. 15-04922, 2020 WL 870928, at *3 (N.D. Cal. Feb. 21, 2020) (approving Angeion-designed notice plan involving a media campaign to reach 6.7 million class members plus email notice to several hundred thousand of those class members); *In re Allura Fiber Cement Siding Litig.*, No. 19-02886, 2021 WL 2043531, at *1 (D.S.C. May 21, 2021) (approving Angeion notice plan involving a media campaign plus direct notice to certain class members by U.S. mail and email); *Cameron v. Apple Inc.*, No. 19-3074, 2022 WL 22954126, at *4–*5 (N.D. Cal. June 10, 2022) (approving Angeion notice plan involving a combination of email, regular mail, and a targeted social media campaign).

### B.  Relevant Procedural History

The Plaintiffs commenced this class action matter on July 23, 2019, and they filed a second amended complaint on July 28, 2021. ECF Nos. 1 and 93. The Court certified the Nationwide Class and several sub-classes, pursuant to Fed. R. Civ. P. 23(a) and (b), on January 28, 2025. ECF Nos. 339 and 340.

On March 31, 2026, the Plaintiffs filed a consent motion for preliminary approval of the settlement, a memorandum in support thereof, and certain exhibits thereto. ECF Nos. 376, 376-1, 376-2, 376-3 and 376-4.

The Court held a hearing on the Plaintiffs' motion on July 7, 2026. ECF No. 378.

## III.  STANDARDS OF DECISION

### A.  Class Certification

To certify a class for settlement, the Court must confirm that the action comports with Rules 23(a) and (b) of the Federal Rules of Civil Procedure. *Starr v. Credible Behav. Health,*

*Inc.*, No. 20-2986, 2021 WL 2141542, at *3 (D. Md. May 26, 2021) (citing *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 619–20 (1997)); *see also Shaver v. Gills Eldersburg, Inc.*, No. 14-3977, 2016 WL 1625835, at *2 (D. Md. Apr. 25, 2016) ("Where a class-wide settlement is presented for approval prior to class certification, there must also be a preliminary determination that the proposed Settlement Class satisfies the prerequisites set forth in Federal Rule of Civil Procedure 23(a) and at least one of the subsections of Rule 23(b)."). In this regard, Rule 23(a) provides that:

> One or more members of a class may sue or be sued as representative parties on behalf of all members only if:
>
> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3)  the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

To meet the numerosity requirement under Rule 23(a), there must be a showing that the proposed class is so numerous that "joinder of all members is impractical." Starr, 2021 WL 2141542, at *3 (quoting Fed. R. Civ. P. 23(a)). In this regard, the United States Court of Appeals for the Fourth Circuit has held that a class with more than 30 members generally satisfies this requirement. *See id.* (citing *Williams v. Henderson*, 129 F. App'x 806, 811 (4th Cir. 2005)). The commonality requirement is satisfied when the prospective class members share the same central facts and applicable law. *Id.* (citing *Cuthie v. Fleet Rsrv. Ass'n*, 743 F. Supp. 2d 486, 499 (D. Md. 2010)).

In addition, to meet the typicality requirement, "[t]he claims need not be identical, but the claims or defenses must have arisen from the same course of conduct and must share the same legal theory." *Id.* (citing *Peoples v. Wendover Funding, Inc.*, 179 F.R.D. 492, 498 (D. Md. 1998)). The Fourth Circuit has also held that a class action is appropriate only when both class representatives and class counsel adequately protect the interests of the class. Bell v. Brockett, 922 F.3d 502, 510 (4th Cir. 2019). Given this, "the adequacy-of-representation requirement centers on: (1) class counsel's competency and willingness to prosecute the action and (2) whether any conflict of interest exists between the named parties and the class they represent."

*Starr*, 2021 WL 2141542, at \*3 (citing *Robinson v. Fountainhead Title Grp. Corp.*, 252 F.R.D. 275, 288 (D. Md. 2008)).  And so, "[r]epresentation is adequate if the plaintiffs' attorneys are qualified and able to prosecute the action on behalf of the class." *Id.* (citing *Cuthie*, 743 F. Supp. 2d at 499).

In addition, Federal Rule of Civil Procedure 23(b)(3) provides that:

> A class action may be maintained if Rule 23(a) is satisfied and if: . . . . (3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:
>
> (A)   the class members' interests in individually controlling the prosecution or defense of separate actions;
> (B)   the extent and nature of any litigation concerning the controversy already begun by or against class members;
> (C)   the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
> (D)   the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3).  And so, the Court has held that "[w]here the purported class members were subject to the same harm resulting from the defendant's conduct and the 'qualitatively overarching issue' in the case is the defendant's liability, courts generally find the predominance requirement to be satisfied." *Starr*, 2021 WL 2141542, at \*4 (citing *Stillmock v. Weis Mkts., Inc.*, 385 F. App'x 267, 273 (4th Cir. 2010)).  Where, as here, a class has already been certified for litigation purposes, the Court may rely on its prior findings under Rule 23(a) and (b) in determining whether to certify a materially identical class for settlement purposes. *See Amchem*, 521 U.S. at 620 (recognizing that a court certifying a settlement class need not inquire whether the case, if tried, would present management problems, because there will be no trial).

"Unless a statute provides otherwise, a court that certifies a class must appoint class counsel."  Fed. R. Civ. P. 23(g)(1).  In doing so, the Court considers: (1) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources that counsel will commit to representing the class.  Fed. R. Civ. P. 23(g)(1)(A).  The Court may also "consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).

### B.    Approval Of Class Action Settlement

"Whether to preliminarily approve a proposed class action settlement lies within the sound discretion of the district court." *Curtis v. Genesis Eng'g Sols., Inc.*, No. 21-722, 2022 WL 1062024, at *2 (D. Md. Apr. 8, 2022) (citation omitted). Under Rule 23(e), the Court must direct notice of a proposed settlement to class members who would be bound if the parties show that the Court will "likely be able to" both approve the settlement under Rule 23(e)(2) and certify the class for purposes of judgment. Fed. R. Civ. P. 23(e)(1)(B). At the preliminary approval stage, the Court assesses whether there is "'probable cause' to submit the proposal to members of the class and to hold a full-scale hearing on its fairness," and whether the proposed settlement "is sufficiently within the range of reasonableness so that notice should be given." *In re Am. Cap. S'holder Derivative Litig.*, No. 11-2424, 2013 WL 3322294, at *3 (D. Md. June 28, 2013) (quoting *In re Mid-Atl. Toyota Antitrust Litig.*, 564 F. Supp. 1379, 1384 (D. Md. 1983)).

To determine whether it can give preliminary approval to the Settlement Agreement, the Court looks to the factors in Fed. R. Civ. P. 23(e)(2):

> (A)    the class representatives and class counsel have adequately represented the class;
> (B)    the proposal was negotiated at arm's length;
> (C)    the relief provided for the class is adequate, taking into account:
>> (i)   the costs, risks, and delay of trial and appeal;
>> (ii)  the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
>> (iii) the terms of any proposed award of attorney's fees, including timing of payment; and
>> (iv)  any agreement required to be identified under Rule 23(e)(3); and
> (D)    the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

In applying these considerations, the Fourth Circuit directs the Court to assess the fairness and the adequacy of a proposed settlement under two related sets of factors. As to fairness, the Court examines whether the settlement is the product of good-faith, arm's-length bargaining, free of collusion, by considering: (1) the posture of the case at the time the settlement was proposed; (2) the extent of discovery that had been conducted; (3) the circumstances surrounding the negotiations; and (4) the experience of counsel in the area of the class action litigation. *1988 Tr. for Allen Child. Dated 8/8/88 v. Banner Life Ins. Co.*, 28 F.4th 513, 525 (4th

Cir. 2022); *see also In re Jiffy Lube Sec. Litig.*, 927 F.2d 155, 158–59 (4th Cir. 1991).

As to adequacy, the Court weighs the likelihood of the plaintiffs' recovery on the merits against the relief offered in settlement, by considering: (1) the relative strength of the plaintiffs' case on the merits; (2) the existence of any difficulties of proof or strong defenses the plaintiffs are likely to encounter if the case proceeds to trial; (3) the anticipated duration and expense of additional litigation; (4) the solvency of the defendants and the likelihood of recovery on a litigated judgment; and (5) the degree of opposition to the settlement. *In re Lumber Liquidators Chinese-Manufactured Flooring Prods. Mktg., Sales Pracs. & Prods. Liab. Litig.*, 952 F.3d 471, 484 (4th Cir. 2020). The most important of these factors are the relative strength of the plaintiffs' case on the merits and the existence of any difficulties of proof or strong defenses. *Sharp Farms v. Speaks*, 917 F.3d 276, 299 (4th Cir. 2019).

Once the Court determines that approval of a proposed settlement would likely be warranted under Rule 23(e)(2), it "must direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1)(B). In this regard, Rule 23 provides that the Court:

> must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice may be by one or more of the following: United States mail, electronic means, or other appropriate means. The notice must clearly and concisely state in plain, easily understood language:
> (i)    the nature of the action
> (ii)   the definition of the class certified;
> (iii)  the class claims, issues, or defenses;
> (iv)   that a class member may enter an appearance through an attorney if the member so desires;
> (v)    that the court will exclude from the class any member who requests exclusion;
> (vi)   the time and manner for requesting exclusion; and
> (vii)  the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B). Lastly, the notice must satisfy due process and be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950) (citations omitted); *see also McAdams v. Robinson*, 26 F.4th 149, 157–58 (4th Cir. 2022).

10

## IV.  ANALYSIS

### A.  The Court Conditionally Certifies The Proposed Settlement Class

As an initial matter, the Court considers whether to preliminarily certify the proposed Settlement Class.

For the reasons that follow, the Court **CONDITIONALLY CERTIFIES** the Settlement Class pursuant to Rule 23.  To certify a settlement class, the Court must be satisfied that the action comports with Rule 23(a) and (b) of the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 23(a)–(b); *see Starr v. Credible Behav. Health, Inc.*, No. 20-2986, 2021 WL 2141542, at *3 (D. Md. May 26, 2021).  Notably, the Court has already determined that these requirements are satisfied in this litigation.  As discussed above, on January 28, 2025, the Court certified a Nationwide Class and nine related state classes for litigation purposes, and the Fourth Circuit declined to disturb that ruling.  *Starr v. VSL Pharms., Inc.*, No. 19-2173, 2025 WL 1258016, at *11–19 (D. Md. Apr. 30, 2025) (Starr II); *see VSL Pharmaceuticals, Inc. v. Starr*, No. 25-115 (4th Cir. Apr. 7, 2025) (Doc. 45).

The proposed Settlement Class is substantively the same as the Nationwide Class previously certified by the Court, with the exception that the Settlement Class excludes the officers and directors of the Defendants and their affiliates, persons or entities that purchased VSL#3 exclusively for resale, Court personnel, and Settlement Class Counsel and their respective staff and families.  ECF No. 376-3 at 12 (Settlement Agreement, § 1.49); *see* ECF No. 376-1 at 7.  Because the composition of the proposed Settlement Class is materially indistinguishable from the Nationwide Class that the Court previously certified in this case, the Court is satisfied that the proposed Settlement Class also meets the requirements of Rule 23(a) and Rule 23(b).  *Starr II*, 2025 WL 1258016, at *11–18. [2]

---

[2] Specifically, the Court is satisfied that the numerosity requirement under Rule 23(a) is met, because the proposed Settlement Class comprises a nationwide group of VSL#3 purchasers, and the Plaintiffs have obtained records identifying more than 200,000 such Class Members.  ECF No. 376-1 at 9; ECF No. 276-3 at ¶ 8. The commonality requirement is also met, because, as the Court previously held, the Plaintiffs' claims arise from a common nucleus of operative facts concerning the Defendants' alleged uniform misrepresentation that VSL#3 contained the clinically tested and proven De Simone Formulation when it did not.  *Starr II*, 2025 WL 1258016, at *13; *see* ECF No. 376-1 at 13–14.  The typicality requirement is also satisfied, because the named Plaintiffs' claims and the Settlement Class Members' claims arise out of the same course of conduct—the Defendants' alleged misrepresentation of the formulation of VSL#3—and rest on the same legal theories under RICO, the Uniform Commercial Code, various state consumer protection statutes, and the common law of unjust enrichment.  *Starr II*, 2025 WL 1258016, at *13–14; *see* ECF No. 376-1 at 3. The adequacy requirement is likewise met because the Court previously held, the named Plaintiffs' interests align with those of the Settlement Class Members, because the named Plaintiffs—like the other Settlement Class Members—are purchasers of VSL#3 who allege that they overpaid for the product as a result of the Defendants' alleged misrepresentations, and there is no conflict of interest between them.  *Starr II*, 2025 WL

And so, the Court **PRELIMINARILY CERTIFIES** the Settlement Class as follows:

> All persons who purchased a VSL#3 Class Product in the United States beginning June 1, 2016, and ending June 19, 2019. The following individuals are excluded from the Settlement Class: officers and directors of Defendants Alfasigma, Leadiant, and VSL, and their parents, subsidiaries, affiliates, and any entity in which they have a controlling interest. Also excluded from the Class are any persons or entities that purchased VSL#3 Class Products exclusively for the purpose of reselling the VSL#3 Class Product to a consumer. Finally, also excluded from the Class are all judges assigned to hear any aspect of the Litigation, as well as their staff and immediate family; and Settlement Class Counsel, their staff members, and their immediate family.

## B.     The Court Appoints The Proposed Settlement Class Counsel

The Court will also APPOINT Jeremy W. Schulman, Esq., and Jeffrey S. Gavenman, Esq., of Hughes Hubbard & Reed LLP, and Edward F. Haber, Esq., Michelle H. Blauner, Esq., Ian J. McLoughlin, Esq., and Patrick J. Vallely, Esq., of Shapiro Haber & Urmy LLP, as Settlement Class Counsel.  Fed. R. Civ. P. 23(g)(1).

When determining whether to appoint class counsel, the Court considers: (1) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources that counsel will commit to representing the class.  Fed. R. Civ. P. 23(g)(1)(A).  The Settlement Class Counsel satisfy this criteria for several reasons.  First, the Settlement Class Counsel have litigated this matter for more than six years, including by litigating the Defendants' motion to dismiss, conducting extensive fact and expert discovery, prevailing on a contested motion for class certification, and defending that ruling against the Defendants' Rule 23(f) petition before the Fourth Circuit.  ECF No. 376-1 at 12.  The Settlement Class Counsel, and their respective

---

1258016, at *14; *see Bell v. Brockett*, 922 F.3d 502, 510 (4th Cir. 2019); ECF No. 376-1 at 3.  Finally, the requirements of Rule 23(b)(3) are satisfied.  As the Court previously determined, common issues predominate, because the questions common to all Settlement Class Members arise from the central allegation that the Defendants uniformly misrepresented the formulation of VSL#3.  *Starr II*, 2025 WL 1258016, at *14–17; *see* ECF No. 376-1 at 13–14.  And a class action is the superior method of adjudicating this dispute, because the more than 200,000 putative Class Members hold modest individual claims that would not justify the expense of individual litigation, the Court is unaware of pending individual litigation against the Defendants concerning this subject matter, and concentrating the resolution of these claims in one forum promotes judicial economy.  *Starr II*, 2025 WL 1258016, at *17; *see* ECF No. 376-1 at 14–15.

law firms, also have extensive experience and a national reputation litigating complex class action matters, particularly consumer class actions. And so, the factors under Fed. R. Civ. P. 23(g)(1) weigh in favor of appointing these attorneys as Settlement Class Counsel in this class action litigation. Fed. R. Civ. P. 23(g)(1)(A).

**C.    The Court Preliminarily Approves The Settlement Agreement**

The Court next considers whether to grant preliminary approval of the Settlement Agreement. For the reasons set forth below, the Court **PRELIMINARILY APPROVES** the Settlement Agreement.

**1.   The Settlement Agreement Is Fair**

First, the Court is satisfied that the Settlement Agreement is fair. In determining whether a settlement is fair, the Court considers: (1) the posture of the case at the time the settlement was proposed; (2) the extent of discovery that had been conducted; (3) the circumstances surrounding the negotiations; and (4) the experience of counsel in the area of the class action litigation. *1988 Tr. for Allen Child. Dated 8/8/88 v. Banner Life Ins. Co.*, 28 F.4th 513, 525 (4th Cir. 2022).

The first factor—the posture of the case at the time settlement was proposed—favors preliminary approval. The Settlement Agreement was reached after more than six years of adversarial litigation, which included motions practice, discovery-related litigation, expert discovery, and extensive class certification briefing. ECF No. 376-1 at 12; ECF No. 376-3 at ¶ 5 (Declaration of Edward F. Haber). The Plaintiffs also persuasively argue that these events clarified the legal and factual strengths and weaknesses of the parties' respective positions and set the stage for their settlement negotiations. ECF No. 376-3 ¶ 5 (Declaration of Edward F. Haber).

The second factor—the extent of discovery—also favors preliminary approval. The parties completed fact discovery, which included the Plaintiffs' review of thousands of documents produced by the Defendants and the depositions of the Plaintiffs and the Defendants. ECF No. 376-1 at 12; ECF No. 376-3 at ¶ 6 (Declaration of Edward F. Haber). During discovery, the Plaintiffs also obtained records from multiple third-party retailers relating to the Settlement Class Members' purchases of VSL#3. And so, the Court is satisfied that the parties have developed a sufficient record to evaluate the strengths and weaknesses of their claims and defenses in this case, before reaching a settlement.

The third factor—the circumstances surrounding parties' settlement negotiations— also favors preliminary approval.  The facts before the Court show that parties engaged in good-faith, arm's-length negotiations, with the assistance of a highly experienced mediator, Robert A. Meyer of JAMS.  ECF No. 376-1 at 12–13; ECF No. 376-3 at ¶ 4 (Declaration of Edward F. Haber).  The Fourth Circuit has recognized that, where a settlement is the product of genuine arm's-length negotiations, there is a presumption that it is fair.  *See 1988 Tr. for Allen Child.*, 28 F.4th at 525.  And so, the Court is satisfied that the settlement here is free of collusion.

Lastly, the fourth factor—the experience of counsel—likewise favors preliminary approval.  As discussed above, the Plaintiffs have been represented throughout this litigation by Jeremy W. Schulman, Esq., and Jeffrey S. Gavenman, Esq., of Hughes Hubbard & Reed LLP and by Edward F. Haber, Esq., Michelle H. Blauner, Esq., Ian J. McLoughlin, Esq., and Patrick J. Vallely, Esq., of Shapiro Haber & Urmy LLP.  ECF No. 376-1 at 13.  As also discussed above, the attorneys at Shapiro Haber & Urmy are also experienced and nationally recognized class action practitioners, particularly in consumer class actions, and the attorneys Schulman and Gavenman are experienced litigators who successfully represented the Plaintiffs in the related case.  *Id.*; ECF No. 376-3 at ¶ 7 (Declaration of Edward F. Haber).  The Fourth Circuit has instructed that the opinion of experienced and informed counsel in favor of settlement is entitled to due consideration in assessing whether a class settlement is fair and adequate.  *See In re Jiffy Lube Sec. Litig.*, 927 F.2d at 159.  Here, Settlement Class Counsel have evaluated the risks and benefits of the proposed Settlement and represent that it confers a significant benefit on the Class.  ECF No. 376-3 at ¶ 7 (Declaration of Edward F. Haber).  And so, the Court is satisfied that the proposed Settlement Agreement is fair.

### 2. The Settlement Agreement Is Adequate

The Court is also satisfied that the proposed Settlement Agreement is adequate.  In determining whether a settlement is adequate, the Court considers: (1) the relative strength of the plaintiffs' case on the merits; (2) the existence of any difficulties of proof or strong defenses the plaintiffs are likely to encounter if the case proceeds to trial; (3) the anticipated duration and expense of additional litigation; (4) the solvency of the defendants and the likelihood of recovery on a litigated judgment; and (5) the degree of opposition to the settlement.  *In re Lumber Liquidators Chinese-Manufactured Flooring Prods. Mktg., Sales Pracs. & Prods. Liab. Litig.*, 952 F.3d 471, 484 (4th Cir. 2020).

Here, these factors weigh in favor of finding that the Settlement Agreement is adequate. First, while the Plaintiffs maintain that they have a strong case, they acknowledge that continued litigation of this matter would present significant risks.  ECF No. 376-1 at 14–15.  In addition, the Defendants deny liability in this case, and they assert several defenses in the case. ECF No. 376-1 at 14–15.  And so, the Plaintiffs acknowledge that they are likely to face these defenses if they proceed to trial.

Second, the anticipated duration and expense of additional litigation favor approval. Absent settlement, the parties would be required to complete expert discovery on damages, brief summary judgment motions and *Daubert* motions, proceed to trial, and likely litigate an appeal—a course that would be both protracted and costly.  ECF No. 376-1 at 15.  Against these risks, the Settlement Agreement provides a substantial and immediate benefit to the Settlement Class Members in the form of a $20 million non-reversionary common fund.  *Id.* at 15–16.

Lastly, the remaining factors do not counsel against preliminary approval of the Settlement Agreement.  The solvency of the Defendants and the likelihood of recovery on a litigated judgment, are not at issue here.  *See In re Mid-Atl. Toyota Antitrust Litig.*, 564 F. Supp. 1379, 1386 (D. Md. 1983).  Because of the preliminary posture of the Plaintiffs' motion, there is also no opposition to the Settlement Agreement at this time.  ECF No. 376-1 at 14 n. 3.  And so, for these reasons, the Court is satisfied that the proposed Settlement Agreement is adequate.

### D.  The Court Appoints Angeion Group, LLC As Settlement Administrator

Having determined that the Settlement Agreement is adequate and fair, the Court will APPOINT Angeion Group, LLC ("Angeion") as the Settlement Administrator in this matter. The Plaintiffs seek the appointment of Angeion to provide all notices approved by the Court and to administer the Settlement.  *Id.* at 21.  In this regard, the Plaintiffs represent to the Court that Angeion is a nationally recognized notice and claims administration firm that has successfully and efficiently administered numerous class action settlements.  *Id.*; ECF No. 376-2 (Declaration of Steven Weisbrot and Firm Resume of Angeion).  The Plaintiffs have also shown that courts have routinely approved notice programs designed and implemented by Angeion similar to the Notice program proposed in this case.  ECF No. 376-1 at 19–20; *see, e.g.*, *Dickey v. Advanced Micro Devices, Inc.*, No. 15-04922, 2020 WL 870928, at *3 (N.D. Cal. Feb. 21, 2020) (approving Angeion-designed notice plan involving a media campaign to reach 6.7 million class members plus email notice to several hundred thousand of those class

members); *In re Allura Fiber Cement Siding Litig.*, No. 19-02886, 2021 WL 2043531, at *1 (D.S.C. May 21, 2021) (approving Angeion notice plan involving a media campaign plus direct notice to certain class members by U.S. mail and email); *Cameron v. Apple Inc.*, No. 19-3074, 2022 WL 22954126, at *4–*5 (N.D. Cal. June 10, 2022) (approving Angeion notice plan involving a combination of email, regular mail, and a targeted social media campaign).  In this case, Angeion has designed a comprehensive Notice program for this case that includes direct notice by email and U.S. mail to the more than 200,000 Settlement Class Members identified through the Retail Transaction Records, a Media Campaign designed to reach approximately 70% of the Settlement Class independent of direct notice, a Settlement Website, and a toll-free telephone helpline.  ECF No. 376-1 at 17–21; ECF No. 376-2 at ¶¶ 14–16.

Given this, the Court is satisfied that Angeion possesses the experience and capability necessary to implement the Notice program and to administer the claims process in accordance with the Settlement Agreement.  And so, the Court APPOINTS Angeion Group, LLC as the Settlement Administrator and DIRECTS Angeion to carry out all duties and responsibilities of the Settlement Administrator as specified in the Settlement Agreement and this Memorandum Opinion and Order.

### E.     The Court Approves The Proposed Notice

As a final matter, the Court also APPROVES the parties' proposed Notice to the Settlement Class Members, because this Notice complies with the requirements of Fed. R. Civ. P. 23 and due process.  Fed. R. Civ. P. 23(e)(1)(B), (c)(2)(B); *see McAdams v. Robinson*, 26 F.4th 149, 157–58 (4th Cir. 2022).  The threshold requirement for approval of class notice is whether the proposed notice program is the best notice practicable under the circumstances and reasonably calculated to apprise the Settlement Class of the pendency of the action, the proposed Settlement, and the Settlement Class Members' rights to opt out or object.  *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173–74 (1974); *McAdams*, 26 F.4th at 157.

In this case, the Plaintiffs have shown that their proposed Notice satisfies these requirements of Rule 23 and due process.  Pursuant to the Settlement Agreement, the parties propose that the Settlement Administrator will provide notice to the Settlement Class Members through: (1) direct notice by email to those Settlement Class Members for whom a valid email address is available, and by U.S. mail to those for whom a valid mailing address but no email address is available, using the Retail Transaction Records obtained from the Defendants and

third-party retailers; (2) a Long-Form Notice available on the Settlement Website and by mail upon request; and (3) a Media Campaign, including programmatic display advertising, social media advertising, and search engine marketing, designed to reach approximately 70% of the Settlement Class independent of the direct notice efforts. ECF No. 376-1 at 17–21; ECF No. 376-2 at ¶¶ 14–16. The proposed forms of notice describe, in plain and easily understood language, among other things: (i) the nature of the action; (ii) the definition of the Settlement Class; (iii) the class claims and issues; (iv) the Settlement Class Member's right to appear through counsel; (v) the procedures and deadlines for submitting a claim, requesting exclusion, and objecting; (vi) the maximum attorneys' fees and expenses that may be sought; and (vii) the date, time, and place of the Final Approval Hearing. ECF No. 376-1 at 19–20. The Settlement Administrator will also establish and maintain a Settlement Website and a toll-free telephone helpline. *Id.* at 19.

The Court is also satisfied that this Notice program is the best notice practicable under the circumstances. As discussed above, the Plaintiffs have obtained records identifying more than 200,000 Settlement Class Members, who will receive direct notice by email or mail, and the Media Campaign is designed to reach approximately 70% of the Settlement Class independent of that direct notice. ECF No. 376-1 at 18 and 21; ECF No. 376-2 at ¶¶ 14–16. Notably, the Fourth Circuit has approved similar notice programs that combine direct email and mail notice, with a supplemental media campaign. *See McAdams*, 26 F.4th at 157.

Given this, the proposed Notice program will provide sufficient information about the nature of this case, the options available to the Settlement Class Members, and the binding effect of the Settlement Agreement, and, thus, fulfills the requirements of Fed. R. Civ. P. 23 and due process. *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950) (citations omitted).

## V.    CONCLUSION

For the foregoing reasons, the Court:

(1) **GRANTS** the Plaintiffs' motion for preliminary approval of class action settlement (ECF No. 376);

(2) **CONDITIONALLY CERTIFIES** the Proposed Settlement Class;

(3) **APPROVES** Plaintiffs David Starr, Bernadette Mavrikos, Edmund Quiambao, James Tettenhorst, Jeremy Hansen, Krista Karo, Arlene Reed-Cossairt, Peter Stavros and Heather

Farkas to represent the Settlement Class;

(4) **APPOINTS** Jeremy W. Schulman, Esq., and Jeffrey S. Gavenman, Esq., of Hughes Hubbard & Reed LLP, and Edward F. Haber, Esq., Michelle H. Blauner, Esq., Ian J. McLoughlin, Esq., and Patrick J. Vallely, Esq., of Shapiro Haber & Urmy LLP as the Settlement Class Counsel;

(5) **APPOINTS** Angeion Group LLC as the Settlement Administrator; and

(6) **PRELIMINARILY APPROVES** the Settlement Agreement.

In addition, the Court **ORDERS** as follows:

1. Capitalized terms not otherwise defined herein have the meanings set forth in the Settlement Agreement.

2. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d) and has personal jurisdiction over the Parties and the Settlement Class Members. Venue is proper in this District.

3. The Court hereby provisionally certifies, for settlement purposes only, a "Settlement Class," pursuant to Rule 23(b)(3), consisting of

> All persons who purchased a VSL#3 Class Product in the United States beginning June 1, 2016, and ending June 19, 2019. The following individuals are excluded from the Settlement Class: officers and directors of Defendants Alfasigma, Leadiant, and VSL, and their parents, subsidiaries, affiliates, and any entity in which they have a controlling interest. Also excluded from the Class are any persons or entities that purchased VSL#3 Class Products exclusively for the purpose of reselling the VSL#3 Class Product to a consumer. Finally, also excluded from the Class are all judges assigned to hear any aspect of the Litigation, as well as their staff and immediate family; and Settlement Class Counsel, their staff members, and their immediate family.

4. The Court hereby **PRELIMINARILY APPROVES** the Settlement Agreement and the terms embodied therein pursuant to Rule 23(e)(1). The Court finds that it will likely be able to approve the Settlement Agreement under Rule 23(e)(2) and to certify the Settlement Class for purposes of judgment on the proposed Settlement. The Court preliminarily finds that the Settlement is fair, reasonable, and adequate as to the Settlement Class Members under the relevant considerations. The Court finds that proposed Settlement Class Representatives and proposed Settlement Class Counsel

18

have adequately represented, and will continue to adequately represent, the Settlement Class. The Court further finds that the Settlement Agreement is the product of arm's length negotiations by the Parties through an experienced mediator, Robert A. Meyer, Esq., and comes after adequate investigation of the facts and legal issues, filing of three complaints and other briefing (including class certification briefing) in federal district court, fact and expert discovery, and a day-long mediation session. The Court preliminarily finds that the relief provided to the Settlement Class is adequate, taking into account, inter alia, the costs, risks, and delay of trial and appeal and the proposed method of distributing compensation to the Settlement Class. The Court further finds that the Settlement Agreement treats the Settlement Class Members equitably relative to one another. As set forth more fully in the Settlement Agreement, Settlement Class Members that submit a timely and valid Claim Form will be sent Claim Payments, the number of which will be based on the number of VSL#3 Class Products the Settlement Class Member purchased (or, in the case of Class Members without Proof of Purchase, no more than one (1) Unit per Household), as provided on the Settlement Class Member's submitted Claim Form and consistent with the terms of the Settlement Agreement. The Court will fully assess any request for any Settlement Class Counsel Attorneys' Fees and Costs Award, and any Service Awards for the Settlement Class Representatives, after receiving a motion from proposed Settlement Class Representatives and Settlement Class Counsel supporting such a request. At this stage, the Court finds that the plan to request such an award creates no reason not to direct notice to the Settlement Class, especially because any motion for any such award must be filed before the deadline to object or opt-out of the Settlement.

5. The Court finds that, for settlement purposes only, the Settlement Class, as defined above, meets the requirements for class certification under Federal Rules of Civil Procedure 23(a) and 23(b)(3). Specifically, the Court finds that (1) the Settlement Class Members are sufficiently numerous such that joinder is impracticable; (2) there are questions of law and fact common to Settlement Class Members; (3) proposed Settlement Class Representatives' claims are typical of those of the Settlement Class Members; (4) proposed Settlement Class Representatives and Settlement Class

Counsel have fairly and adequately represented, and will continue to fairly and adequately represent, the interests of the Settlement Class Members; and (5) for purposes of settlement only, the Settlement Class meets the predominance and superiority requirements of Rule 23(b)(3).

6. Certification of the Settlement Class shall be solely for settlement purposes and without prejudice to the Parties in the event the Settlement is not finally approved by this Court or otherwise does not take effect, and the Parties preserve all rights and defenses regarding class certification in the event the Settlement is not finally approved by this Court or otherwise does not take effect. In the event this Settlement is not approved or for any reason the Effective Date never occurs, the parties shall revert to their positions immediately prior to January 7, 2026 (including with respect to this Court's orders certifying classes in this matter) and retaining whatever rights they may have pursuant to Rule 23 or on appeal to seek to modify or otherwise challenge the Court's prior class certification order.

7. The Court hereby **APPROVES** Plaintiffs David Starr, Bernadette Mavrikos, Edmund Quiambao, James Tettenhorst, Jeremy Hansen, Krista Karo, Arlene Reed-Cossairt, Peter Stavros, and Heather Farkas as Settlement Class Representatives to represent the Settlement Class.

8. The Court hereby **APPOINTS** the following lawyers at the following firms as Settlement Class Counsel for the Settlement Class: Jeremy W. Schulman, Esq., and Jeffrey S. Gavenman, Esq., of Hughes Hubbard & Reed; and Edward F. Haber, Esq., Michelle H. Blauner, Esq., Ian J. McLoughlin, Esq., and Patrick J. Vallely, Esq., of Shapiro Haber & Urmy LLP.

9. The Court hereby **APPOINTS** Angeion Group LLC as Settlement Administrator and **DIRECTS** Angeion Group LLC to carry out all duties and responsibilities of the Settlement Administrator as specified in the Settlement Agreement and herein.

10. Notice Program: Pursuant to Rule 23(e)(1) and Rule 23(c)(2)(B), the Court approves the proposed Notice program set forth in Section 4.2 of the Settlement Agreement, including the form and content of the proposed forms of class notice attached as Exhibits 4, 5, and 6 to the Settlement Agreement. The Court finds that the proposed Notice program meets the requirements of due process under the U.S. Constitution

20

and Rule 23; and that such Notice program, which includes providing direct notice to class members whose information Settlement Class Counsel have obtained from Defendants and Retailers, the establishment of a Settlement Website, the establishment of a toll-free telephone helpline, online display advertising, and advertising on search engines and social media, is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto. The Court further finds that the proposed form and content of the Notice are adequate and will give the Settlement Class Members sufficient information to enable them to make informed decisions as to the Settlement Class, the right to object or opt out, and the proposed Settlement and its terms. The Court finds that the Notice clearly and concisely states in plain, easily understood language, inter alia: (i) the nature of the Litigation; (ii) the definition of the Settlement Class; (iii) the class claims and issues; (iv) that a Settlement Class Member may enter an appearance through an attorney if the member so desires; (v) that the Settlement Class Member must submit a timely claim via a valid Claim Form to be eligible to receive compensation under the Settlement; (vi) the time and manner for submitting a Claim Form; (vii) that the Court will exclude from the Settlement Class any member who timely and validly requests exclusion; (viii) the time and manner for requesting exclusion; and (ix) the binding effect of a class judgment on Settlement Class Members under Rule 23(c)(3). The parties may make non-material changes to the proposed Notice program, including the form and content of the Notice, without seeking further approval of the Court.

11. The Court **DIRECTS** the Settlement Administrator and the Parties to implement the Notice program as set forth in the Settlement Agreement. As soon as practicable and no later than **45 days** after entry of this Preliminary Approval Order, the Settlement Administrator shall do the following:

   a. Settlement Website:  The Settlement Administrator shall establish and maintain a Settlement Website hosted at www.vsl3lawsuit.com (or another URL agreed-upon by the Parties) that is dedicated to the Settlement. The Settlement Website shall contain the Long Form Notice (in substantially the same form attached as Exhibit 4 to the Settlement Agreement), in both

downloadable PDF format and HTML format; a Contact Information page that includes the address for the Settlement Administrator and addresses and telephone numbers for Settlement Class Counsel; the telephone helpline number; the Settlement Agreement; this Order, a downloadable and online version of the Claim Form; and all other material filings by the Parties or the Court regarding the Settlement, including Settlement Class Counsel's application for an Attorneys' Fees and Costs Award, the motion for final approval of the Settlement, and any orders with respect to such applications and motions. The Settlement Website shall remain accessible until at least 180 days after all Claim Payments to eligible Settlement Class Members have been distributed.

b. Toll-free telephone helpline: The Settlement Administrator shall establish and maintain a toll-free telephone helpline, which shall be posted on the Settlement Website, and to which Settlement Class Members may refer for information about the Litigation and the Settlement Agreement. The toll-free helpline shall remain active until at least **180 days** after all Claim Payments to eligible Settlement Class Members have been distributed.

c. Direct notice: Settlement Class Counsel has obtained from the Retailers and Defendants Retail Transaction Records reflecting Settlement Class Members' purchases of VSL#3 Class Products during the Class Period, or commitments to produce such Retail Transaction Records to the Settlement Administrator. The Settlement Administrator will analyze Retail Transaction Records to identify individuals who are Settlement Class Members as defined in this Settlement Agreement. The Settlement Administrator shall send via email the Email Notice to all Settlement Class Members for whom the Settlement Administrator has a valid email address and shall send via U.S. mail the Mailed Notice to all Settlement Class Members for whom the Settlement Administrator has a valid U.S. mailing address but no valid email address. Direct Notice will be sent on the Notice Date.

d. Media Campaign: The Settlement Administrator shall implement the Media Campaign, including programmatic display advertising, social media

advertising, and search engine marketing, substantially in the form of and using the methods proposed by the Settlement Class Representatives in their Motion for Preliminary Approval.

12. Within **14 days** after entry of the Preliminary Approval Order, Defendants shall pay the Settlement Fund into the Escrow Account.

13. By no later than **35 days** before the Final Approval Hearing, the Settlement Administrator shall file (or provide to Settlement Class Counsel for filing) an affidavit affirming that the Notice program has been implemented in accordance with the Settlement Agreement and this Order (including Class Action Fairness Act notice) and identifying any Settlement Class Members who timely and validly requested exclusion from the Settlement Class.

14. Opt-Out and Objection Procedures: Settlement Class Members may exclude themselves from the Settlement Class by mailing to the Settlement Administrator a written request for exclusion that is postmarked no later than **105 days** after the entry of this Preliminary Approval Order (the "Exclusion/Objection Deadline"). To be effective, the request for exclusion must include (a) the Settlement Class Member's full name, telephone number, and mailing address; (b) a clear and unequivocal statement that the Settlement Class Member wishes to be excluded from the Settlement Class; (c) the name of the Litigation: "*Starr et al. v. VSL Pharmaceuticals, Inc., et al.*, Case No. 8:19-cv-02173"; and (d) the Settlement Class Member's signature, or the like signature or affirmation of an individual authorized to act on the Settlement Class Member's behalf. Upon the Settlement Administrator's receipt of a timely and valid exclusion request, the Settlement Class Member shall be deemed excluded from the Settlement Class and shall not be entitled to any benefits of this Settlement. A Settlement Class Member may request to be excluded from the Settlement only on the Settlement Class Member's own behalf; a Settlement Class Member may not request that other Settlement Class Members (or a group or subclass of Settlement Class Members) be excluded from the Settlement.

15. Any Settlement Class Member who does not request exclusion from the Settlement Class has the right to object to the proposed Settlement and/or to any motion for Settlement Class Counsel Attorneys' Fees and Costs Award. To be considered valid,

23

an objection must be in writing, must be filed with or mailed to the Court, must be postmarked or filed no later than **105 days** after entry of this Preliminary Approval Order (the "Exclusion/Objection Deadline"), and must include the following: (a) the name of the Litigation: "*Starr et al. v. VSL Pharmaceuticals, Inc., et al.*, Case No. 8:19-cv-02173"; (b) the full name, mailing address, and telephone number of the Settlement Class Member objecting to the Settlement (the "Objector"); (c) the Objector's signature, or the like signature or affirmation of an individual authorized to act on the Objector's behalf; (d) a statement of the specific grounds for the objection; (e) a statement whether the objection applies only to the Objector, to a specific subset of the class, or to the entire class; (f) the name, address, bar number, and telephone number of counsel for the Objector, if represented by an attorney in connection with the objection; and (g) a statement whether the Objector intends to appear at the Final Approval Hearing, either in person or through counsel. If the Objector or his or her attorney intends to present evidence at the Final Approval Hearing, the objection must contain the following information: a detailed description of all evidence the Objector will offer at the Final Approval Hearing, including copies of any and all exhibits that the Objector may introduce at the Final Approval Hearing. If an objection is not submitted in accordance with this paragraph, this Court may in the exercise of its discretion refuse to consider it. Any Settlement Class Member who does not timely submit an objection in accordance with this paragraph shall waive the right to object or to be heard at the Final Approval Hearing and shall be forever barred from making any objection to the proposed Settlement or to any motion for Settlement Class Counsel Attorneys' Fees and Costs Award.

16. By no later than **75 days** after the entry of this Preliminary Approval Order, Settlement Class Counsel shall file their motion for an Attorneys' Fees and Costs Award. Any such motion shall be posted to the Settlement Website within one business day after its filing.

17. <u>Final Approval Hearing</u>: The Court will hold a Final Approval Hearing on **January 6, 2027** [*at least 165 days after entry of this Preliminary Approval Order*] at **2:30 p.m.**, in the United States District Court for the District of Maryland, 6500 Cherrywood Lane Greenbelt, MD 20770.

24

18. The purposes of the Final Approval Hearing will be to: (i) determine whether the proposed Settlement Agreement should be finally approved by the Court as fair, reasonable, adequate, and in the best interests of the Settlement Class; (ii) determine whether judgment should be entered pursuant to the Settlement Agreement, dismissing the claims in the Litigation with prejudice and releasing all Released Claims; (iii) determine whether the Settlement Class should be finally certified; (iv) rule on Settlement Class Counsel's motion for an Attorneys' Fees and Costs Award; (v) consider any properly filed objections; and (vi) consider any other matters necessary in connection with the final approval of the Settlement Agreement. If the Court subsequently determines that the Final Approval Hearing should not occur at an in-person hearing but rather through remote means, the Court will issue a subsequent order.

19. By no later than **30 days** before the Final Approval Hearing, Settlement Class Counsel shall file their motion for final approval of the Settlement Agreement.

20. Any oppositions (if any) to the motion seeking the Court's entry of the Final Approval Order shall be filed **14 days** before the Final Approval Hearing.

21. Any replies in further support of the motion seeking the Court's entry of the Final Approval Order (if any) shall be filed **7 days** before the date of the Final Approval Hearing.

22. The Court may, in its discretion, modify the date, time, and/or location of the Final Approval Hearing.  In the event the Court changes the date, time, and/or location of the Final Approval Hearing, the new date and time shall be posted on the Settlement Website.

23. If the Settlement Agreement, including any amendment made in accordance therewith, is not approved by the Court or shall not become effective for any reason whatsoever, the Settlement Agreement and any actions taken or to be taken in connection therewith (including this Preliminary Approval Order and any judgment entered herein), shall be terminated and shall become null and void and of no further force and effect except for (i) any obligations to pay for any expense incurred in connection with Notice and administration as set forth in the Settlement Agreement, and (ii) any other obligations or provisions that are expressly designated in the

Settlement Agreement to survive the termination of the Settlement Agreement.

24. Other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement Agreement, including matters relating to Settlement Class Counsel's motion for an Attorneys' Fees and Costs Award, all proceedings in the Litigation are hereby stayed and suspended until further order of this Court.

25. Pending final determination of whether the Settlement Agreement should be finally approved, Settlement Class Representatives, all Settlement Class Members, and Releasing Parties (and any persons purporting to act on their behalf) are barred and enjoined from filing, commencing, prosecuting, maintaining, or enforcing any Released Claims against the Released Parties, directly or indirectly (including in any action purportedly brought on behalf of the general public of the United States or of a particular state, district, or territory therein), in any judicial, administrative, arbitral, or other forum.  This bar and injunction are necessary to protect and effectuate the Settlement Agreement and this Preliminary Approval Order, and this Court's authority to effectuate the Settlement, and is ordered in aid of this Court's jurisdiction.

26. This Preliminary Approval Order, the Settlement Agreement, and all negotiations, statements, agreements, and proceedings relating to the Settlement, and any matters arising in connection with settlement negotiations, proceedings, or agreements, shall not constitute, be described as, construed as, offered, or received against Defendants or the Released Parties as evidence or an admission of: (a) the truth of any fact alleged by any plaintiff in the Litigation; (b) any liability, negligence, fault, or wrongdoing of Defendants or the Released Parties; or (c) that this or any other action may be properly certified as a class action for litigation, non-settlement purposes.

27. The Parties are **DIRECTED** to take all necessary and appropriate steps to establish the means necessary to implement the Settlement Agreement according to its terms should it be finally approved.

28. The Court may, for good cause, extend any of the deadlines set forth in this Preliminary Approval Order without further notice to Settlement Class Members. Without further order of the Court, the Parties may agree to make non-material modifications in implementing the Settlement that are not inconsistent with this

26

Preliminary Approval Order.

29. The following chart summarizes the dates and deadlines set by this Preliminary Approval Order:

| | |
|---|---|
| Notice Date | **August 21, 2026** |
| Last day for Settlement Class Counsel to file motion for Settlement Class Counsel Attorneys' Fees and Costs Award | **September 21, 2026** |
| Claims Submission Deadline | **October 20, 2026** |
| Exclusion/Objection Deadline | **October 20, 2026** |
| Last day for Settlement Class Counsel to file motion for final approval of the Settlement | **November 16, 2026** |
| Last day to file oppositions (if any) to the motion for final approval of the Settlement | **December 1, 2026** |
| Last day to file any replies in further support of the motion for final approval of the Settlement and the motions for Settlement Class Counsel Attorneys' Fees and Costs Award | **December 15, 2026** |
| Final Approval Hearing | **January 6, 2027, at 2:30 p.m.** |

**IT IS SO ORDERED.**

s/ Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge

27